**KENTUCKY BAR ASSOCIATION,**
**Petitioner,**

v.

**Mary HATCHER, Respondent.**

**No. 97–SC–858–KB.**

Supreme Court of Kentucky.

March 19, 1998.

---

## OPINION AND ORDER

Respondent, Mary A. Hatcher of Elizabethtown, Kentucky, was admitted to the practice of law in the Commonwealth of Kentucky on October 25, 1982.

On September 9, 1996, the Inquiry Tribunal issued a two-count charge against Respondent alleging violations of SCR 3.130–1.3 and 1 .4(a), arising from her representation of a former client, Monica Sue Embry. Respondent has been charged with neglecting a legal matter and failing to communicate with her client.

Charles Laney Tinnell died testate on October 11, 1993. His fiancee, Monica Sue Embry (now Monica Sue Spratt) was nominated in Mr. Tinnell's will as the executrix of his estate. Spratt hired respondent shortly after Mr. Tinnell's death and on November 29, 1993, Spratt was appointed executrix of the estate.

It is not disputed that Respondent has failed to file an inheritance and estate tax return and settle the estate of Charles Tinnell. As a result the Cabinet has levied an assessment against the Tinnell estate of almost $24,000.00, of which over $8,000.00 represents late penalties. The proof is overwhelming that Respondent has not only failed to communicate with Spratt, but that she has not even attempted to communicate with Spratt for an extended period of time. Respondent has actually admitted she has done nothing regarding completing the estate since on or about September 23, 1996, when she sent the Revenue Cabinet a "protest letter" regarding the tax and penalties levied against the estate.

Respondent is guilty of "aggravated neglect" in her failure to complete the Tinnell estate. The record demonstrates that Respondent was wholly unconcerned about the Tinnell estate and as a result did not stir herself to do much of anything on its behalf. Even though Respondent repeatedly testified at the evidentiary hearing that she sent several letters to Spratt requesting Spratt contact her, copies of these letters have never been produced.

Charles Tinnell has been deceased for over four years. Respondent's intolerable unwillingness to diligently complete the estate and communicate with Sue Spratt has produced an unsettled estate with a $24,000.00 tax assessment against it and resulted in legal chaos. In the absence of a motion to withdraw, Respondent had a continuing duty to conclude the matters entrusted to her.

Respondent was found guilty of both counts of the charge by unanimous vote of the members of the Board of Governors present and voting. After consideration of Respondent's prior discipline, the Board, again by unanimous vote, recommended a two-year suspension. We are unpersuaded by Respondent's attempts to explain her inaction, particularly in light of the fact that as of the date of the Board of Governors meet-

ing, Respondent still had not filed with the Revenue Cabinet an inheritance and estate tax return. Accordingly, the recommendation of the Board of Governors is hereby adopted pursuant to SCR 3.370(9).

IT IS THEREFORE ORDERED THAT:

1) Respondent, Mary A. Hatcher, be and is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of two (2) years, commencing with the date of entry of this order, and until such time as she is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

2) Upon Respondent's motion for reinstatement, Respondent shall be reevaluated by the Character and Fitness Committee of the Kentucky Bar Association.

3) Pursuant to SCR 3.390, Respondent shall, within ten (10) days of the entry of this Order, notify all courts in which she has matters pending and all clients for whom she is actively involved in litigation and similar legal matters of her inability to represent them, and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly and timely placed in the United States mail, and the Respondent shall simultaneously and in the same manner provide a copy of all such letters to the Director of the Kentucky Bar Association.

4) In accordance with SCR 3.450, Respondent is directed to pay all cost investigation and proceedings related to this action.

All concur.

COOPER, J., not sitting.

ENTERED March 19, 1998.

/s/ Robert F. Stephens
    Chief Justice