TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0469-KB

KENTUCKY BAR ASSOCIATION                                                    MOVANT

IN SUPREME COURT

V.

MICHAEL R. P. CALILUNG                                              RESPONDENT

## OPINION AND ORDER

Michael R. P. Calilung, Kentucky Bar Association (KBA) Member No. 84663, was admitted to the practice of law in the Commonwealth of Kentucky on May 21, 1993. His bar roster address is 4119 Taylor Boulevard, Louisville, Kentucky 40215.

In this case, the KBA Board of Governors recommends this Court find Calilung guilty of violating Supreme Court Rule (SCR) 3.130(1.3), SCR 3.130(3.3)(a)(1), and SCR 3.130(3.4)(c)(1). For these violations, the Board recommends that Calilung be suspended from the practice of law in the Commonwealth of Kentucky for 120 days, with 60 days to be served and the balance probated for two years, to pay the costs of the underlying proceedings, and that he attends and successfully completes, at his own expense, the Ethics and Professional Enhancement Program (EPEP) within 12 months of a final

order of this Court.  Pursuant to SCR 3.370(10), and for the reasons below, we agree and adopt the recommendation of the Board.

## I.  FACTUAL BACKGROUND

The charges arise out of Calilung's representation of two probate estates in Jefferson District Court Probate Division (the Probate Court) which are hereinafter referred to separately as the "Miller Estate" and the "Fowler Estate."

Calilung filed a petition to probate the Miller Estate on January 30, 2004, followed by an initial Inventory.  The estate's real property was sold in January 2006, and Calilung filed the first Periodic Settlement on June 12, 2006.  Over the next twelve years, in response to inquiries from the Probate Court, Calilung filed a number of sworn, yet incomplete, Periodic Settlements indicating that estate monies had been distributed, and filed four motions for extensions of time, claiming additional documents were needed to effectuate final settlement.  Included in these filings were mentions in 2007 of seeking a refund for overpayment from the Internal Revenue Service and, in 2012, that there was a claim pending the Kentucky State Treasurer for $160,000.00 in unclaimed property.  Neither of these matters were resolved by Calilung.

On November 27, 2019, the Probate Court issued an order to show cause which prohibited Calilung from withdrawing any funds related to the estate, appointed the Public Administrator as successor executor, and required Calilung to, within 15 days, provide both the court and the Public Administrator a sworn accounting including the identification of all persons or

institutions holding estate assets and the value of the assets held. Within 30 days Calilung was also required to provide correspondence regarding the estate's unclaimed property, proof of distributions of bequests, a listing of documents related to his four prior motions for extension of time, and a listing of persons determined by the estate to be remainder heirs.

On December 27, 2019, Calilung filed a two-page pleading that the Probate Court would later describe in an opinion and order as "woefully unresponsive to the court's directives." The Respondent did not file in the record, nor did he provide to the Public Administrator, the sworn accounting or any of the documents required by the November 27, 2019, order. The hearing on the Probate Court's show cause order was conducted on January 7, 2020, and Calilung offered no substantive explanation for either his failure to satisfy the November 27, 2019, order or his decade-long delay in administering and closing the Miller Estate. The executrix of the estate was compelled to fly from Massachusetts to attend the hearing and stated on the record that she didn't "understand why they haven't been distributed, why it's taken …," to which the presiding judge responded, "[y]ou and me both." In its subsequent order, the Probate Court described Calilung's actions as "grossly negligent."

In the Fowler Estate, Calilung filed the petition to probate the estate in October of 2015 and filed the initial inventory on February 25, 2016. Over the course of the next four calendar years, Calilung received multiple notices for failures to file inventories or periodic settlements. The same Probate Court

entered an order removing Calilung as counsel for the Fowler Estate on July 7, 2020.

As a result of the foregoing events, the KBA was notified of the foregoing by the Probate Court's presiding judge and the Inquiry Commission filed a Charge against Calilung on November 30, 2020. That Charge alleged that Calilung had violated the following four Supreme Court Rules:

1. SCR 3.130(1.3): "A lawyer shall act with reasonable diligence and promptness in representing a client;"

2. SCR 3.130(3.3)(a)(l): " A lawyer shall not knowingly (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer. . . ;"

3. SCR 3.130(3.4)(c): "A lawyer shall not (c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;" and,

4. SCR 3.130(8.4)(c): "It is professional misconduct for a lawyer to (c) engage in conduct involving dishonesty fraud, deceit or misrepresentation. . ."

The first violation, SCR 3.130(1.3), applied to both the Miller and Fowler Estates, while the remaining three violations only related to the Miller Estate.

The hearing on Calilung's alleged violations was conducted on February 17, 2022, and the Trial Commissioner issued his report on April 22, 2022, which found that Calilung had not violated SCR 3.130(8.4)(c), but had violated SCR 3.130(1.3), SCR 3.130(3.3)(a)(1), and SCR 3.130(3.4)(c)(1). For those violations, the Trial Commissioner recommended that Calilung be suspended

4

from the practice of law for 120 days, with at least 60 days to serve and the balance probated for a period of two years on the condition Calilung receive no new disciplinary charges, and that he attend and successfully complete EPEP within 12 months.

Calilung filed exceptions admitting his violation of SCR 3.130(1.3) but denying violations SCR 3.130(3.3)(a)(l) or SCR 3.130(3.4)(c). He further argued that a public reprimand was the more appropriate sanction to impose. Oral arguments were conducted on Calilung's exceptions on September 16, 2022. The Board of Governors subsequently voted 19-0 (with one recusal and one absence) to accept the Trial Commissioner's proposed suspension.

The known applicable mitigating factor is Calilung's lack of any prior disciplinary history. However, his almost thirty years of experience in the practice of law before our courts may be seen to serve as an aggravating factor given that he should know that much more is expected of seasoned lawyers than the lack of diligence, honesty, and candor which he displayed towards both his clients and the Probate Court.

## II. ANALYSIS

Having reviewed the record, we agree that the Trial Commissioner's findings were supported by substantial evidence and the Board reached the appropriate conclusions as to Calilung's culpability. Furthermore, the recommended sanction in this matter falls squarely within the appropriate range of suspensions previously considered, accepted, and ordered by this

5

Court in the matters of *Kentucky Bar Ass'n v. Thomas*, 927 S.W.2d 838 (Ky.1996) (30 day suspension for failure to complete ancillary estate or respond to correspondence from estate's counsel and executrix prior to issuance of bar complaint); *Kentucky Bar Ass'n v. Hatcher*, 965 S.W.2d 166 (Ky.1998) (Two year suspension for failure to file inheritance and state tax returns resulting in late penalties, failure to timely settle estate over the course of a four year period, and a prior disciplinary history).

Calilung has not filed a notice to this Court requesting review of the Board's decision and based upon our review of the entirety of the record and precedent, we do not elect to review the decision of the Board under SCR 3.370(9). Accordingly, the decision of the Board is adopted under SCR 3.370(10).

## III.    ORDER

Based upon the foregoing, it is hereby ORDERED as follows:

1.  Michael R. P. Calilung, KBA Member No. 84663, is found guilty of violating SCR 3.130(1.3), SCR 3.130(3.3)(a)(l) and SCR 3.130(3.4)(c);

2.  As discipline for these violations, Calilung is suspended from the practice of law in the Commonwealth of Kentucky for 120 days, with 60 days to be served and the balance probated for two years;

3.  Calilung shall successfully complete, at his own expense, the Commonwealth's Ethics and Professional Enhancement Program within 12 months of this order;

6

4. Under SCR 3.390, Calilung:

    a. Shall notify all clients in writing of his inability to continue to represent them and shall furnish copies of all such letters to the Director of the Kentucky Bar Association. These notices shall be mailed or emailed to the respective clients within ten (10) days of the entry of this Order, if not already mailed. Calilung shall make arrangements to return all active files to the client or new counsel and shall return all unearned attorney fees and client property to the client and shall advise the Director of such arrangements within the ten (10) day period;

    b. must not, during the term of suspension and until reinstatement, accept new clients or collect unearned fees;

    c. must immediately cancel any pending advertisements; must terminate any advertising activity for the duration of the term of suspension; and must not allow his name to be used by a law firm in any manner until he is reinstated.

5. In accordance with SCR 3.450(2), Calilung is directed to pay all costs associated with these proceedings against him, said sum being $1,675.58 for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: March 23, 2023.

_____
CHIEF JUSTICE